**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA ALEJANDRA SANCHEZ FORERO; ISABELLA CANAS SANCHEZ; EMMA CANAS SANCHEZ, | No. 23-1461 |
| | Agency Nos. A220-150-331 |
| Petitioners, | A220-150-332 A220-150-333 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2024**
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Diana Sanchez Forero (Sanchez), a native and citizen of Colombia and a

lawful permanent resident of Argentina, petitions for review of a decision by the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals (BIA), dismissing her appeal from an immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's conclusion that Sanchez did not establish eligibility for asylum and withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).

The record supports the BIA's conclusion that the anonymous telephone threats that the Sanchez family received did not rise to the level of past persecution. Although "threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism," *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022) (*quoting Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004)), "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution," *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). Here, the calls ended after Sanchez changed telephone numbers. Although Sanchez's mother-in-law received threats by telephone thereafter, no one ever

---

[1] Sanchez has two minor children, who are derivative applicants on her application and who are co-Petitioners before us. We refer to Sanchez as lead Petitioner in text. Andres Felipe Canas Rocha, Sanchez's husband, filed a separate application for relief before the agency; but he is not a party to this case.

approached Sanchez's mother-in-law in person, and she never experienced any harm. In sum, the record does not compel a conclusion that the BIA erred in finding that these threats did not rise to the level of past persecution.[2] *See Singh-Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999).

The record also supports the BIA's conclusion that Sanchez does not have an objectively reasonable fear of future persecution in either Colombia or Argentina. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Again, Sanchez and her family were not threatened after their telephone number was changed. Moreover, the record demonstrates that Colombian authorities took Sanchez's report and started an investigation into the allegations. Although the Colombian authorities were unable to find the perpetrators, this inability does not constitute an unwillingness or inability to protect them.[3] *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

2. Substantial evidence supports the BIA's conclusion that Sanchez did not

---

[2] Because substantial evidence supports the BIA's conclusion that the threats did not rise to the level of past persecution, we need not address (1) whether Sanchez was firmly resettled in Argentina or (2) whether the harm suffered was on account of a protected ground.

[3] In her opening brief, Sanchez argues that "there clearly exists a jurisdictional question as to [the Argentina government's] ability to initiate an investigation and/or the detention of this organization operating in Colombia, until potentially it's too late and the threats are realized in Argentina." But Sanchez did not present any evidence to the agency demonstrating that the Argentine government was unable or unwilling to protect her.

establish eligibility for CAT relief. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215, 1217 (9th Cir. 2005). Sanchez's claims for CAT protection are based on the same facts as her asylum and withholding of removal claims. The agency permissibly concluded that the unrealized threats, which were unaccompanied by any other harm, did not reach the level of torture. Moreover, Sanchez does not argue that she has a particularized threat of torture based upon the country conditions in either Argentina or Colombia. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). Accordingly, the record does not compel the conclusion that she would be tortured by government officials or that they would acquiesce to such conduct in either Argentina or Colombia.

**PETITION DENIED.**